UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

HELEN DOERFLER-BASHUCKY,                                 5:15-cv-511 (GTS/DEP)
individually and as Administratrix of the
ESTATE OF JOSEPH CHARLES
DOERFLER, deceased

       Plaintiff,                              **GENERAL MOTORS LLC'S NOTICE
                                                         OF REMOVAL**

v.

GENERAL MOTORS LLC, DELPHI
AUTOMOTIVE SYSTEMS, LLC (f/k/a
EATON CORPORATION) (a/k/a DELPHI
MECHATRONICS),

       Defendants.


-----------------------------------------------------------------x


       Defendant General Motors LLC ("New GM") removes this action from the Supreme

Court of Onondaga County, New York, to the United States District Court for the Northern

District of New York pursuant to 28 U.S.C. § 1452(a) and Rule 9027 of the Federal Rules of

Bankruptcy Procedure ("Bankruptcy Rules"), or alternatively, 28 U.S.C. §§ 1332, 1441, and

1446, based on the following facts:

## BACKGROUND

       1.     On April 7, 2015, New GM was served with a Summons and Complaint (the

"Complaint") in an action styled *Helen Doerfler-Bashucky, individually and as Administratrix of*

*the Estate of Joseph Charles Doerfler, deceased, v. General Motors LLC, Delphi Automotive*

*Systems, LLC (f/k/a Eaton Corporation) (a/k/a Delphi Mechatronics),* Case No. 2014EF4913

filed on December 9, 2014, in the Supreme Court for Onondaga County, New York (the "Action").

2.      The Complaint alleges claims arising out of a motor vehicle accident ("Accident") that allegedly occurred on May 4, 2006, when Joseph Doerfler was a passenger in a 2006 Chevrolet Cobalt operated by Daniel R. Perkins on Breed Road in Camillus, New York. Compl. ¶ 18. The Complaint alleges that the subject "2006 Chevrolet Cobalt . . . contained a defective ignition switch that allowed the vehicle to unexpectedly shut off during normal operation." *Id.* ¶ 10. The Complaint further alleges the subject Cobalt's "ignition switch failed, resulting in a loss of power to various vehicle systems, including but not limited to the power steering, power brakes, and airbags." *Id.* ¶ 19.   Joseph Doerfler sustained fatal injuries allegedly as a result of this accident. *Id.* at ¶¶ 20-21.

3.      Plaintiff Helen Doerfler-Bashucky ("Plaintiff") brings this Action individually and as Administratrix of the Estate of Joseph Charles Doerfler. *Id.* ¶ 5.  Plaintiff seeks recovery under theories of (1) negligence; (2) negligence per se; (3) design defect; (4) failure to warn; (5) failure to recall, (6) breach of warranty; (7) fraud and fraudulent concealment; and (8) deceptive business practices pursuant to General Business Law § 349. *Id.* ¶¶ 31-144.  Plaintiff also seeks to recover punitive damages. *Id.* ¶ 145-151.

4.      This Action is one of more than 190 actions (the "Ignition Switch Actions") filed in, or removed to, federal court since February 2014 that assert factual allegations involving defective ignition switches, including in Chevrolet Cobalt vehicles.  The Ignition Switch Actions have been brought in at least 38 federal district courts, including in Alabama, Arizona, Arkansas, California, Colorado, the District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky,

Louisiana, Massachusetts, Michigan, Mississippi, Missouri, New Jersey, New York, Ohio, Oklahoma, Pennsylvania, and Texas.

5.     On March 25, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") established MDL 2543, *In re: General Motors LLC Ignition Switch Litigation*.  Subsequently, on June 9, 2014, the JPML designated the United States District Court for the Southern District of New York as the MDL Court and assigned the Honorable Jesse M. Furman to conduct coordinated or consolidated proceedings in the Ignition Switch Actions.  *In re Gen. Motors LLC Ignition Switch Litig.*, MDL No. 2543, ECF No. 266 (J.P.M.L. June 9, 2014), attached as Exhibit A.  The JPML transferred an initial group of fifteen actions pending in six federal districts to the Southern District of New York after concluding that it was "undisputed" that cases alleging a defect in the vehicle ignition switch of certain New GM vehicles satisfied the requirements for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407.  *Id.* at 2.

6.     More than 175 additional Ignition Switch Actions have since been filed in, or transferred to, the MDL Court, including claims to recover both for alleged economic losses and alleged personal injuries.  *See generally* MDL No. 2543, *e.g.* ECF Nos. 50, 51, 82, 274, 288, 355 and 358 attached as Exhibit B (transferring *Ackerman v. Gen. Motors LLC*, 14-00921 (S.D. Ill.) (personal injury suit alleging an ignition switch defect in a 2006 Chevrolet Cobalt); *Boyd, et al. v. Gen. Motors LLC*, 14-01205 (E.D. Mo.) (personal injury suit alleging defects in a 2006 and 2007 Chevrolet Cobalt); *Dawson v. Gen. Motors LLC*, No. 14-01459 (N.D. Ohio) (personal injury suit alleging an ignition switch defect in a 2009 Chevrolet Cobalt); *Fleck v. Gen. Motors LLC*, 14-08176 (S.D.N.Y.) (involving more than 300 personal injury plaintiffs allegedly involved in accidents in various model vehicles, including the Chevrolet Cobalt); *Hamilton, et al. v. Gen. Motors LLC*, No. 14-02219 (D. Colo.) (asserting claims for personal injury arising out of an

3

automobile crash involving a 2005 Chevrolet Cobalt); *Irvin, et al. v. Gen. Motors LLC, et al.,* No. 14-00090 (E.D. Mo.) (personal injury suit alleging a defect in a 2006 Chevrolet Cobalt); *Lambeth v. Gen. Motors LLC,* No. 14-00546 (M.D.N.C.) (claiming an ignition switch defect in a 2008 Chevrolet Cobalt); *Sumners, et al. v. Gen. Motors LLC, et al.,* No. 14-00070 (M.D. Tenn.) (personal injury suit alleging an ignition switch defect in a 2005 Chevrolet Cobalt).

7.      As soon as the Clerk assigns this case a docket number, New GM will notify the JPML that this case is a tag-along action pursuant to Panel Rule 7.1. Because the ignition switch allegations in this case share "one or more common questions of fact" with the other Ignition Switch Actions, this case is appropriate for MDL transfer and consolidation with the other Ignition Switch Actions pending in the Southern District of New York. *See* 28 U.S.C. § 1407(a).

## BASES FOR REMOVAL

### A. *Action Arising Under the Bankruptcy Code*

8.      On June 1, 2009, Motors Liquidation Company, f/k/a General Motors Corporation ("Old GM") filed a petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York ("New York Bankruptcy Court").

9.      On July 5, 2009, the New York Bankruptcy Court issued an order ("Sale Order and Injunction") approving the sale ("363 Sale") of substantially all of Old GM's assets to the Purchaser, defined as "NGMCO, Inc., a Delaware corporation and successor-in-interest to Vehicle Acquisition Holdings LLC, a Delaware limited liability company." The sale of assets was free and clear of all liens, claims, and encumbrances, except for certain limited exceptions not applicable here. *See* Sale Order and Injunction attached as <u>Exhibit C,</u> ¶ 7. The 363 Sale was consummated on July 10, 2009. Ultimately, New GM was transferred Old GM's assets and also

4

assumed certain limited liabilities, as outlined in the Sale Order and Injunction and Amended and Restated Master Sale and Purchase Agreement ("Sale Agreement").

10.     The Sale Order and Injunction is a final order and no longer subject to any appeal.

11.     Under the terms of the Sale Order and Injunction, and the Sale Agreement that it approved, all liabilities relating to vehicles and parts sold by Old GM (subject to limited exceptions not applicable here) were legacy liabilities retained by Old GM. *See* Exhibit C, ¶¶ 44-45; *see also In re Gen. Motors Corp.*, 407 B.R. 463, 481 (Bankr. S.D.N.Y. 2009), *aff'd sub nom., In re Motors Liquidation Co.*, 428 B.R. 43 (S.D.N.Y. 2010), and 430 B.R. 65 (S.D.N.Y. 2010). The New York Bankruptcy Court's Sale Order and Injunction explicitly provides that New GM would have no responsibility for any liabilities (except for Assumed Liabilities[1]) relating to the operation of Old GM's business, or the production of vehicles and parts before July 10, 2009. *See* Exhibit C, ¶¶ 46, 9 & 8. This limitation includes, in particular, "all Product Liabilities arising in whole or in part from any accidents, incidents or other occurrences that happen prior to the Closing Date [July 10, 2009]." Sale Agreement § 2.3(b)(ix). The Order also enjoins "[a]ll persons and entities . . . holding claims against [Old GM] or the Purchased Assets arising under or out of, in connection with, or in any way relating to [Old GM], the Purchased Assets, the operation of the Purchased Assets prior to the Closing [July 10, 2009]. . . from asserting [such claims] against [New GM]. . . ." *See* Exhibit C ¶ 8. This injunction expressly applies to rights or claims "based on any successor or transferee liability." *Id.* ¶ 46.

12.     The fact that any claim Plaintiff may have based on the Accident is a Retained Liability has now been reaffirmed by the New York Bankruptcy Court's *Decision on Motion to*

---

[1] GM LLC admits it ultimately assumed a narrow band of certain liabilities, none of which are applicable here.

*Enforce Sale Order*, dated April 15, 2015 [Dkt. No. 13109] ("April 15 Decision"),[2] wherein the New York Bankruptcy Court expressly held that successor liability claims are barred pursuant to the Sale Order and Injunction and claimants, like Plaintiff, who were involved in pre-363 Sale accidents are bound by the provisions of the Sale Order and Injunction. *See* April 15 Decision, 2015 WL 1727285, at *6, *45-*46.[3]

13.     The New York Bankruptcy Court reserved exclusive and continuing jurisdiction to enforce its injunction and to address and resolve all controversies concerning the interpretation and enforcement of the Sale Order and Injunction. *See* Exhibit C ¶ 71. Old GM's bankruptcy case is still pending in the New York Bankruptcy Court, and that Court has previously exercised its exclusive and continuing jurisdiction to enforce the Sale Order and Injunction to actions filed against New GM, including cases based on alleged defects in Old GM vehicles. *See* April 15 Decision, 2015 WL 1727285, *Trusky v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 12-09803, 2013 Bankr. LEXIS 620 (Bankr. S.D.N.Y. Feb. 19, 2013); *Castillo v. Gen. Motors Co. (In re Motors Liquidation Co.)*, Adv. No. 09-00509, 2012 Bankr. LEXIS 1688 (Bankr. S.D.N.Y. Apr. 17, 2012), *aff'd*, 500 B.R. 333 (S.D.N.Y. 2013); *see also In re Motors Liquidation Co.*, 2011 WL 6119664 (Bankr. S.D.N.Y. 2010).

14.     Under 28 U.S.C. §§ 157(b) and 1334(b), the New York Bankruptcy Court had core jurisdiction to approve the 363 Sale and enter the Sale Order and Injunction. Thus, this Action and any dispute concerning the Sale Order and Injunction, and the Sale Agreement, are subject to the core jurisdiction of the New York Bankruptcy Court. *See In re Hereford Biofuels, L.P.*, 466 B.R. 841, 844 (Bankr. N.D. Tex. 2012) (post-confirmation dispute regarding

---

[2] The April 15 Decision is published at *In re Motors Liquidation Co.*, Case No. 09-50026, 2015 WL 1727285 (Bankr. S.D.N.Y. April 15, 2015).
[3] While the New York Bankruptcy Court issued the April 15 Decision, a final order or judgment on such Decision has not yet been entered.

interpretation and enforcement of a sale order was a core proceeding); *Luan Investment S.E. v. Franklin 145 Corp.*, 304 F.3d 223, 229-30 (2d Cir. 2002) (disputes concerning Bankruptcy Court's sale order fall within "core" jurisdiction); *In re Eveleth Mines, LLC*, 312 B.R. 634, 644-45 and n.14 (Bankr. D. Minn. 2004) ("A purchaser that relies on the terms of a bankruptcy court's order, and whose title and rights are given life by that order, should have a forum in the issuing court.").

15.     On August 1, 2014, New GM filed a "Motion to Enforce the Sale Order and Injunction Against Plaintiffs in Pre-Closing Accident Lawsuits" ("Pre-Closing Accident Motion to Enforce"), requesting that the New York Bankruptcy Court enforce the injunction contained in the Sale Order and Injunction against plaintiffs who were involved in accidents that pre-date the closing of the 363 Sale, and who are asserting liabilities not assumed by New GM from Old GM. Specifically, because Plaintiff's claims are based on a vehicle and parts manufactured by Old GM, and a motor vehicle accident predating the closing of the 363 Sale, the Amended Complaint necessarily requires judicial construction and/or interpretation of the Sale Order and Injunction. The Complaint, therefore, is subject to the Sale Order and Injunction. As noted, the New York Bankruptcy Court has rendered its April 15 Decision on the Pre-Closing Accident Motion to Enforce, finding that claimants, like Plaintiff, who were involved in pre-363 Sale accidents are bound by the provisions of the Sale Order and Injunction. A final order or judgment has not yet been entered with respect to the April 15 Decision. Accordingly, immediately upon removal, New GM will identify this case on a supplemental schedule in the New York Bankruptcy Court as being subject to the Pre-Closing Accident Motion to Enforce.

16.    As such, the Action implicates the New York Bankruptcy Court's core and exclusive jurisdiction, and is therefore removable to this Court under 28 U.S.C. §§ 1452(a) and Bankruptcy Rule 9027.

**B. *Diversity Jurisdiction***

17.    This Action is also removable to this Court under 28 U.S.C. § 1441 because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1), based on diversity of citizenship and an amount-in-controversy exceeding $75,000, exclusive of interest and costs.

18.    Complete diversity of citizenship exists because:

    a.    For purposes of diversity jurisdiction, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent[.]" 28 U.S.C. § 1332(c)(2). Decedent Joseph Charles Doerfler was a resident, domiciliary, and citizen of the State of New York. *See* Exhibit A to the Compl. His representative, Helen Bashucky, is also a resident, domiciliary, and citizen of the State of York. *Id.* Therefore, for diversity jurisdiction purposes, Plaintiff is a citizen of New York.

    b.    New GM is not a citizen of New York. New GM is, and was at the time this lawsuit was filed, a Delaware limited liability company with its principal place of business in Michigan. New GM is 100 percent owned by General Motors Holdings LLC, which is also a Delaware limited liability company with its principal place of business in Michigan. General Motors Holdings LLC, in turn, is 100 percent owned by General Motors Company, a corporation organized under the laws of Delaware with its principal place of business in Michigan.

    c.    As indicated in the Complaint, New GM understands that Delphi Automotive Systems, LLC is a limited liability company organized under the laws of the State of Delaware. Compl. ¶ 10. Delphi Automotive Systems, LLC has two members, both of which are limited liability companies organized under the laws of the State of Delaware: Delphi Holdings, LLC and Delphi Financial Holdings, LLC. New GM also understands that the sole member of Delphi Holdings, LLC is Delphi Corporation, a corporation organized under the laws of the State of Delaware with its principal place of business in the State of Michigan. The sole member of Delphi Financial Holdings, LLC is Delphi Holdfi UK Limited, a limited liability company organized under the laws of the United Kingdom. New GM understands that the sole member of Delphi Holdfi UK Limited is Delphi Holdings, LLC. Accordingly, for purposes

of diversity of citizenship, Delphi Automotive Systems, LLC is a citizen of the States of Delaware and Michigan.

19.   Thus, as no Defendant is a citizen of the same state as Plaintiff, there is complete diversity between the parties.

20.   Although Plaintiff seeks an unspecified amount of damages, it is facially apparent from the Complaint that the amount-in-controversy exceeds the jurisdictional requirements. A removing defendant is required to show "that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). To determine whether a removing defendant has met that burden, federal courts look first to the plaintiff's complaint and then to the defendant's petition for removal. *Id.; see also Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001) (noting that "while this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability").

21.   Here, Plaintiff seeks to recover damages for Decedent Joseph Doerfler's injuries, pre-impact terror, and death. *See* Compl. ¶¶ 41, 50, 60, 68, 75, 84, 91, 93, 103, 133. Plaintiff also seeks to recover for her own deprivation of Decedent Joseph Doerfler's "society, companionship, love, affection, and services", as well as for medical and funeral expenses. Compl. ¶ 144. Therefore, it is evident on the face of the Complaint, which is based on a wrongful death claim, that damages sought in this case exceed $75,000, exclusive of interest and costs. *See Gaffney v. Animas Corp.*, No. 5:13-cv-1359, 2014 U.S. Dist. LEXIS 68836 (N.D.N.Y. May 20, 2014) (finding a reasonable probability that the plaintiff's claim exceeded $75,000 where the plaintiff sought unspecified damages for wrongful death, medical expenses, emotional and physical pain, and economic loss).

22.     Moreover, Plaintiff also seeks punitive damages.  Compl. ¶¶ 145-151.  "[W]hen a claim includes compensatory and punitive damages, both must be considered in determining the amount in controversy."  *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) (both compensatory and punitive damages "must be considered to the extent claimed in determining jurisdictional amount"); *Novosel v. Northway Motor car Corp.*, 460 F. Supp. 541, 544 (N.D.N.Y. 1978) (citing *Bell*, 320 U.S. at 240).

23.     Therefore, this Action is one that may be removed to this Court by New GM pursuant to 28 U.S.C. § 1441 as all of the requirements for removal under 28 U.S.C. §§ 1332 and 1441 are met.

## REMOVAL IS TIMELY

24.     This Notice of Removal is timely because it is being filed within 30 days after New GM was served with the Summons and Complaint.  28 U.S.C. § 1446(b).  Plaintiff filed suit on December 9, 2014, and New GM was served with the Summons and Complaint on April 7, 2015.  *See* Exhibit D.

## VENUE

25.     The United States District Court for the Northern District of New York is the United States district embracing the Supreme Court for Onondaga County, New York, where this Action was filed and is pending.  *See* 28 U.S.C. § 112(a).  Therefore, venue of this removed Action is proper in this Court.

## CONSENT

26.     Because this Action is being removed on the basis of bankruptcy jurisdiction, consent of all properly joined and served defendants is not required.  *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 300 (S.D.N.Y. 2003) ("It seems clear that Section 1452(a) does not require

the defendants' unanimous consent to removal.").

27.     Regardless, Defendant Delphi Automotive Systems, LLC, the only other named and served entity that exists, has consented to removal. *See* <u>Exhibit E</u>, Consent by Delphi Automotive Systems, LLC.

## NOTICE TO THE STATE COURT

28.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on all adverse parties and filed with the Supreme Court for Onondaga County, New York, where this case was originally filed.

## STATE COURT FILINGS

29.     New GM files as <u>Exhibit D</u> copies of all process served upon it in this action as a part of this Notice, such being the Summons and Complaint.

WHEREFORE, Defendant General Motors LLC respectfully requests that this action in the Supreme Court for Onondaga County, New York be removed to this Court, and that no further proceedings be had in the New York state court.

Dated:  New York, New York
       April 27, 2015

                          Respectfully submitted,

                          **LAVIN O'NEIL CEDRONE & DISIPIO**

                          Timothy J. McHugh
                          Lavin O'Neil Cedrone & DiSipio
                          420 Lexington Avenue
                          Suite 335
                          New York, NY 10170
                          Tel: (212) 319-6898
                          Fax: (212) 319-6932
                          TMcHugh@Lavin-Law.com

                          ***Attorney for Defendant***
                          **GENERAL MOTORS LLC**

TO:    Sidney P. Cominsky, LLC
        1500 State Tower Building
        Syracuse, New York 13202
        315- 475-3425
        *Attorneys for Plaintiff*

        Eugene A. Schoon, Esq.
        Sidley Austin LLP
        One South Dearborn
        Chicago, IL 60603
        312-853-7279
        Fax: 312-853-7036
        eschoon@sidley.com
        *Attorneys for Defendant*
        *Delphi Automotive Systems, LLC*